UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOHN GUETTLEIN, JOSHUA GARDENER,
ALENA DUNAWAY, CLARISSA RECKLINE,
WILLIAM TETREV, and BRENT LEBLANC,
*individually, and for all others similarly situated*,

Plaintiffs,

-against-

UNITED STATES MERCHANT MARINE
ACADEMY, JOACHIM BUONO, *individually
and as Superintendent of the United States Merchant
Marine Academy*, the UNITED STATES MARITIME
ADMINISTRATION, and the UNITED STATES
DEPARTMENT OF TRANSPORTATION,

Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
21-CV-6443 (JMA) (JMW)

**Appearances**

Louis M Gelormino
Mark J. Fonte
F&G Legal Group
2550 Victory Boulevard
Staten Island, NY 10314
   *Attorneys for Plaintiffs*

Breon Peace
   United States Attorney
James H. Knapp
    Assistant United States Attorneys
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
   *Attorneys for Defendants*

**AZRACK, United States District Judge:**

On November 19, 2021, Plaintiffs John Guettlein, Joshua Gardner, Alena Dunaway,

1

Clarissa Reckline, William Tetrev, and Brent LeBlanc, individually, and purportedly for all others similarly situated, (collectively "Plaintiffs") commenced this action against defendants United States Merchant Marine Academy ("USMMA" or "Academy"), Joachim Buono[1], individually and as Superintendent of the United States Merchant Marine Academy, the Maritime Administration ("MARAD") and the United States Department of Transportation ("DOT") (collectively, "Defendants"). Plaintiffs allege violations of their substantive due process rights challenging the Academy's COVID-19 vaccine mandate ("Academy Mandate"), the Department of Defense's mandate ("DOD Mandate"), and the Navy's mandate ("Navy Mandate") (collectively, the Vaccine Mandates). (ECF No. 1, Complaint ("Compl.").) Plaintiffs also filed an application for an order to show cause why a preliminary injunction and temporary restraining order ("TRO") to enjoin Defendants from enforcing the COVID-19 vaccine mandate should not be issued. (ECF No. 2.) The Court issued an order directing Defendants to respond to Plaintiffs' motion for a preliminary injunction and TRO. (Electronic Order, 11/19/2021.) On December 3, 2021, Defendants responded, opposing the motion for a preliminary injunction and TRO and arguing that the action should be dismissed. (ECF No. 8, ("Gov't Opp.").) Plaintiffs have not filed any reply.

For the following reasons, the Court **DENIES** Plaintiffs' request for a preliminary injunction or TRO.

### I.   BACKGROUND

Plaintiffs are six students enrolled at the Academy—four Midshipmen (upper class students) and two Plebes (first year students). (Compl. ¶¶ 1, 18-23.) The Academy is a federal service academy whose graduates are committed to serve the national security, marine

---

[1] The response was filed on behalf of all Defendants, but only as to Buono in his official capacity. Defendants' opposition notes that the United States Attorney's Office does not represent Buono in his individual-capacity and that he is in the process of requesting representation for the claims filed against him as an individual. (Gov't Opp. at 1, n.2.)

transportation, and economic needs of the United States as licensed Merchant Marine Officers and commissioned officers in the Armed Forces. (Compl. ¶ 28.) In times of war or national emergency, U.S. Merchant Mariners operate as an auxiliary unit of the Navy. (Compl. ¶ 31.)

Plaintiffs challenge the Academy's Superintendent Notice 2021-08—the Academy Mandate—that was issued on October 20, 2021. (Compl. ¶¶ 1, 35, ECF No. 2-4.) The Academy Mandate was issued following the DOD Mandate issued on August 24, 2021 and the Navy Mandate issued on September 20, 2021. (Compl. ¶¶ 1, 33; ECF No. 2-3; ECF No. 12 at 11.) Plaintiffs bring a substantive due process claim arguing that the Academy Mandate would deprive them of the liberty interest of the "right to pursue a profession". (Compl. ¶ 11.) Plaintiffs allege that they are bringing their claim pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343. (Compl. ¶¶ 14-16.) Plaintiffs specifically take issue with that fact that the Academy Mandate "includes no provision to opt-out of the mandate through mask wearing, temperature checks, weekly testing with FDA-approved tests, or if students have already developed antibodies following exposure to a Covid-19 infection." (Compl. ¶ 2.)

## A. Department of Defense Mandate

On August 24, 2021, after the FDA announced full approval of the Pfizer COVID-19 vaccine, Secretary of Defense Lloyd Austin directed the Secretaries of the Military Departments to immediately begin full vaccination of all members of the Armed Forces under DOD authority, on active duty or in the Ready Reserve who were not fully vaccinated against COVID-19. (See ECF No. 12 at 11, Declaration of Mikel E. Stroud, Exhibit A[2].)

On August 31, 2021, the Secretary of the Navy issued a directive stating that all Navy service members must be fully vaccinated unless they have an approved medical or religious

---

[2] Although Plaintiffs do not attach the DOD Mandate itself to their Complaint, the Court finds that it is incorporated by reference.

exemption or are actively participating in COVID-19 clinical trials. (ECF No. 2-3, Plaintiffs' Exhibit A.) Navy service members include active service members, service members in the selected reserve, and service members in the Individual Ready Reserve. (Id.) The directive states that for Navy service members who do not get vaccinated:

> their ultimate disposition will be determined by the designated COVID Consolidated Disposition Authority (CCDA). The CCDA will serve as the central authority for adjudication and will have at his or her disposal the full range of administrative and disciplinary actions. Until further notice, authority is withheld for initiating non-judicial punishment, courts-martial, or administrative separation in cases of Navy Service Members refusing the vaccine.

(Id.)

**B. Academy Mandate**

On October 20, 2021, Defendant Buono issued the Academy Mandate. (ECF No. 2-4, Plaintiffs' Exhibit B.) The Academy Mandate requires all Midshipmen and Plebes at the Academy to be fully vaccinated against COVID-19 by December 28, 2021 or to request an exemption. (Id. at 1.) The Academy Mandate requires Midshipmen and Plebes to submit vaccine documentation to the Office of Health Services or to submit an exemption request by December 14, 2021. (Id.) It notes that: "the Department of Defense mandated that all active duty, reserve (active and inactive), and ROTC personnel obtain this vaccination; the requirement is applicable to all USMMA cadets who have been appointed Midshipmen in the Individual Ready Reserve (IRR), that is, all U.S.-citizen USMMA cadets." (Id.)

The Academy Mandate includes instructions on how to request an exemption from the policy:

> For Midshipmen or Plebes who intend to request exemption from this policy on medical grounds or because of a sincerely held religious belief, practice, or observance, please email CDR McCarthy, Deputy Commandant, at mccarthya@usmma.edu to advise of your intent to do so as soon as possible but no

> later than December 14, 2021. Information on how to submit a formal exemption request will be forthcoming.

(Id.) The Academy Mandate outlines certain requirements for unvaccinated and exempted students:

> Unvaccinated Midshipmen and Plebes, including those who advise CDR McCarthy of their intention to submit a request for exemption as set forth above will continue to be subject to mandatory weekly testing administered by the Academy. They may also be excluded from all in-person classes, communal areas, and activities in the Academy's discretion. All Midshipmen and Plebes, whether vaccinated or not, will also be required to continue to adhere to the Academy's health and safety protocols, which may include social distancing, mask-wearing, and additional surveillance testing, among others.

(Id. at 2.) It also states the possible consequences of failing to obtain vaccination or notify of an intent to seek an exemption: "[f]ailure to obtain the vaccination, or, alternatively, to notify CDR McCarthy of an intent to seek an exemption by the respective due dates, is a violation of the Midshipman Regulations, and may result in discipline, up to and including disenrollment." (Id.)

## II.   DISCUSSION

### A. Standard of Review

"When, as here, a preliminary injunction 'will affect government action taken in the public interest pursuant to a statute or regulatory scheme,' the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction." Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton, 841 F.3d 133, 143 (2d Cir. 2016) (quoting Red Earth LLC v. United States, 657 F.3d 138, 143 (2d Cir. 2011)) (citations and internal quotation marks omitted). See also Maniscalco v. New York City Dep't of Educ., No. 21-CV-5055, 2021 WL 4344267, at *4 (E.D.N.Y. Sept. 23, 2021), aff'd, No. 21-2343, 2021 WL 4814767 (2d Cir. Oct. 15, 2021) (denying motion for preliminary injunction where teachers and paraprofessionals working in the New York City school system raised constitutional challenge to vaccine mandate); Church v. Biden, No. 21-

5

CV-2815, 2021 WL 5179215 (D.D.C. Nov. 8, 2021) (denying motion for a temporary restraining order and preliminary injunction brought by federal employee and active duty service members alleging constitutional challenges to federal vaccine mandate). "In this Circuit, the standard for entry of a temporary restraining order is the same as for a preliminary injunction." 1077 Madison St., LLC v. Mar., No. 14-CV-4253, 2017 WL 6387616, at *2 (E.D.N.Y. Aug. 22, 2017), aff'd sub nom. 1077 Madison St., LLC v. Daniels, 954 F.3d 460 (2d Cir. 2020); see also Andre-Rodney v. Hochul, No. 21-CV-1053, 2021 WL 5050067, at *2 (N.D.N.Y. Nov. 1, 2021) (same).

"In the Second Circuit, it is well-settled that an alleged constitutional violation constitutes irreparable harm." Maniscalco, 2021 WL 4344267, at *2 (quoting Ferreyra v. Decker, 456 F. Supp. 3d 538, 549 (S.D.N.Y. 2020)). Whereas here Plaintiffs "allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary." Statharos v. New York City Taxi & Limousine Comm'n, 198 F.3d 317, 322 (2d Cir. 1999). Therefore, the Court will focus its analysis the other requirements.

**B. Plaintiffs Have Not Met the Requirements for a Preliminary Injunction or TRO**

1. Likelihood of Success on the Merits

Plaintiffs' motion fails because they have not shown a likelihood of success on the merits.

*a. Subject Matter Jurisdiction*

As an initial matter, Plaintiffs have not shown a likelihood of success on the merits because the Court lacks subject matter jurisdiction over Plaintiffs' claims. The alleged jurisdictional bases for this action—42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343—do not provide causes of action against the federal government or its officials and do not waive the sovereign immunity of the federal government.

First, Section 1983 does not provide a cause of action against the federal government. See McCarthy v. Cuomo, No. 20-CV-2124, 2020 WL 3286530, at *6 (E.D.N.Y. June 18, 2020) (internal citations omitted) ("Plaintiffs purport to bring their claims [against a group of federal defendants] under 42 U.S.C. § 1983. There is a fatal flaw to this approach: that statute does not provide a cause of action against federal defendants. That means that this court does not have subject matter jurisdiction over the claims, and there is no likelihood of success on the merits."); see also Khan v. United States, 271 F. Supp. 2d 409, 412 (E.D.N.Y. 2003) ("42 U.S.C. § 1983 provides relief against defendants who act under color of state, not federal, law.")

Second, Sections 1331 and 1343 do not waive sovereign immunity. It is well settled that, as sovereign, the United States "is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (quoting United States v. Mitchell, 455 U.S. 535, 538 (1980)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); see also Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) ("It is, of course, axiomatic under the principle of sovereign immunity that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.") (internal quotation marks omitted). Moreover, "waivers of sovereign immunity must be 'unequivocally expressed' in statutory text, and cannot simply be implied." Binder & Binder, P.C. v. Colvin, 818 F.3d 66, 70 (2d Cir. 2016). Importantly, because a district court would lack subject matter jurisdiction to adjudicate claims against the United States absent a waiver of sovereign immunity, the plaintiff bears the burden of establishing that his "claims fall within an applicable waiver." Makarova, 201 F.3d at 113.

7

Section 1331 does not waive sovereign immunity. See Doe v. Civiletti, 635 F.2d 88, 94 (2d Cir. 1980) ("Section 1331 is in no way a general waiver of sovereign immunity"); see also Cangemi v. United States, No. 12-CV-3989, 2017 WL 1274060, at *6 (E.D.N.Y. Mar. 31, 2017), aff'd, 13 F.4th 115 (2d Cir. 2021) (same). Similarly, Section 1343 does not constitute a waiver of sovereign immunity. See Morales v. Related Mgmt. Co., No. 13-CV-8191, 2015 WL 7779297, at *5 (S.D.N.Y. Dec. 2, 2015) ("Plaintiff brings this action under 28 U.S.C. §§ 1331 and 1343, but neither of these jurisdictional statutes waives the sovereign immunity of the United States.")

Accordingly, the Court lacks subject matter jurisdiction under Plaintiffs' alleged jurisdictional bases.[3]

   b. *Substantive Due Process Claim*

Even if the Court did have subject matter jurisdiction, Plaintiffs have also not shown that their substantive due process claim is likely to succeed on the merits.

"Substantive due process rights safeguard persons against the government's exercise of power without any reasonable justification in the service of a legitimate governmental objective." Southerland v. City of New York, 680 F.3d 127, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). To analyze a claim under substantive due process, courts perform a two-step analysis. Hurd v. Fredenburgh, 984 F.3d 1075, 1087 (2d Cir. 2021). "The first step in substantive due process analysis is to identify the constitutional right at stake." Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995). "Not all rights are entitled to protection. Only rights that are fundamental or implicit in the concept of ordered liberty are accorded protection

---

[3] In addition to arguing that the Court lacks subject matter jurisdiction for the reasons set forth above, Defendants also argue that Plaintiffs' claims are not ripe. Given the Court's conclusions above concerning subject matter jurisdiction, the Court finds it unnecessary to reach the issue of ripeness to address the pending motion for a TRO and a preliminary injunction. Defendants can pursue all of their challenges to subject matter jurisdiction in their motion to dismiss.

under substantive due process." Maniscalco, 2021 WL 4344267, at *2 (citing Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997); Hurd, 984 F.3d at 1088). Second, plaintiffs "must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience" such that the Due Process Clause "would not countenance it even were it accompanied by full procedural protection." Hurd, 984 F.3d at 1087 (internal quotation marks and citation omitted).

      i.      First Prong: Constitutional Right at Stake

Plaintiffs argue that the Vaccine Mandates deprive them of their right to "pursue their professions in the military and the merchant marine." (Compl. ¶¶ 1, 11, 55.) Plaintiffs claim that "any student at the Academy who is not fully vaccinated by December 28, 2021, will be disenrolled from the Academy and stands to lose their position as Plebes or as Midshipmen, and thus their ability to work as licensed U.S. Merchant Marine Officers . . . all disenrollment carries penalties, such as liability for the full value of tuition (up to $260,000) if they choose to forgo vaccination and withdraw or transfer from the Academy." (Compl. ¶¶ 5-6.)

The Supreme Court "has indicated that the liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment." Conn v. Gabbert, 526 U.S. 286, 291-92 (1999). This right is "subject to reasonable government regulation." Id. at 292; see also New Motor Vehicle Bd. of California v. Orrin W. Fox Co., 439 U.S. 96, 107 (1978) ("'[c]ertain kinds of business may be prohibited; and the right to conduct a business, or to pursue a calling, may be conditioned . . . '"). To "rise to the level of a violation of the . . . right to choose and follow one's calling," government regulation must result in more than a "brief interruption." Conn, 526 U.S. at 291-9. "Instead, the Supreme Court, [the Second] Circuit, and the other Circuits addressing the issue have all indicated

9

that the right of occupational choice is afforded Due Process protection only when a plaintiff is completely prohibited from engaging in his or her chosen profession." Hu v. City of New York, 927 F.3d 81, 102 (2d Cir. 2019) (quotations and citations omitted); see also Schultz v. Incorporated Village of Bellport, 479 Fed. App'x 358, 360 (2d Cir. 2012) ("[T]his type of due process claim requires a showing that the plaintiff has been prevented from exercising his right to choose his own employment.")

First, the Court notes that Plaintiffs' reading of the Academy Mandate appears to be incorrect. The Academy Mandate does not state that any student who is not fully vaccinated by December 28, 2021 will be disenrolled. Rather, the Academy Mandate states that: "Failure to obtain the vaccine, or alternatively, to notify CDR McCarthy of an intent to seek an exemption by the respective due dates, is a violation of the Midshipman Regulations, and may result in discipline, up to and including disenrollment." (Academy Mandate at 2, emphasis added). Accordingly, the Academy Mandate itself does not completely prohibit Plaintiffs from engaging in their chosen profession, but rather, only directs them to make a choice—get vaccinated or request an exemption from vaccination.

It also cannot be fairly stated that a Midshipman or Plebe disenrolled from the Academy for any reason cannot seek and find employment in private shipping and Plaintiffs do not allege that the Academy is the exclusive path to a career in this field. See Maniscalco, 2021 WL 4344267, at *3) (finding that "although defendants may render it more difficult for [the plaintiffs, who work as teacher and paraprofessionals, in New York City publics schools] to pursue their calling, plaintiffs are not absolutely being barred from doing so . . . plaintiffs may pursue teaching or paraprofessional jobs at private schools in New York City, public and private schools outside of

New York City, daycares or early childhood education centers, tutoring centers, adult or continuing education centers, virtual institutions, or within home settings.").

Furthermore, courts have found that there is not a fundamental right to continued public employment. See Martin v. Town of Brattleboro, No. 07-cv-260, 2008 WL 4416283, at *2 (D. Vt. Sept. 24, 2008) (finding that police chief did not have substantive due process right to continued employment and stating that "most Circuit Courts of Appeal have declined to find that a right to continued public employment is a fundamental property interest entitled to substantive due process protection"); Am. Fed'n of Gov't Employees v. United States, 330 F.3d 513, 523 (D.C. Cir. 2003) (finding that federal employees did not have a fundamental right to public employment for purposes of substantive due process and stating that "[n]either the Supreme Court nor [the D.C. Circuit] has ever recognized an interest in public employment as fundamental".) Plaintiffs also claim that they have a valid property interest in their employment. (TRO Motion at 4.) However, "any property right to employment that plaintiffs may claim does not rise to the level of a fundamental right protected by substantive due process." Maniscalco, at *3. "Generally, property interests related to employment are not among protected fundamental rights . . ." Id.

  ii. Second Prong

Second, and most importantly, Plaintiffs have not demonstrated that the Academy Mandate and DOD Mandate are "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Hurd, 984 F.3d at 1087. In Jacobson v. Massachusetts, 197 U.S. 11, 26-27 (1905), the Supreme Court held that a vaccine mandate enacted by state of Massachusetts without any exceptions for adults was constitutional. Under "Jacobson, the state may curtail constitutional rights in response to a society-threatening epidemic so long as the measures have at least some 'real or substantial relation' to the public health crisis and are not 'beyond all question,

11

a plain, palpable invasion of rights secured by the fundamental law.'" Columbus Ale House, Inc. v. Cuomo, 495 F. Supp. 3d 88, 92 (E.D.N.Y. 2020) (quoting Jacobson, 197 U.S. at 38); see also Heidel v. Hochul, No. 20-CV-10462, 2021 WL 4942823, at *12 (S.D.N.Y. Oct. 21, 2021) ("Jacobson [], remains the leading authority on reviewing the reasonableness of a governmental order directed to a public-health emergency. Jacobson counsels broad, but not unlimited, deference for public health measures adopted by elected officials 'to be enforced by reasonable regulations, as the safety of the general public may demand.'"). In Maniscalco, Judge Cogan rejected similar arguments and found that the plaintiffs, teachers and paraprofessionals in New York City public schools, did not show a likelihood of success on the merits of their substantive due process claim, which challenged a vaccine mandate that did not contain an opt-out for employees to undergo testing in lieu of vaccination. Specifically, Judge Cogan found that the plaintiffs failed at the second step of the analysis:

> Mandating a vaccine approved by the FDA does not [qualify as "a plain, palpable invasion" of fundamental rights]. Ultimately, even if plaintiffs disagree with it, the Order at issue represents a rational policy decision surrounding how best to protect children during a global pandemic. Although plaintiffs argue that there are other proven means of preventing the spread of COVID-19 in schools, among them frequent testing and mask wearing, it is not shocking for the City to conclude that vaccination is the best way to do so, particularly at a time when viral transmission rates are high.

Maniscalco at *3. On appeal, the Second Circuit affirmed Judge Cogan's ruling, "for substantially the reasons stated in [his] thoughtful" opinion. Maniscalco v. New York City Dep't of Educ., No. 21-2343, 2021 WL 4814767 (2d Cir. Oct. 15, 2021).

Similarly, here the Academy Mandate, requiring Plebes and Midshipmen to either be fully vaccinated by December 28, 2021, or to declare their intention to seek a medical or religious exemption by December 14, 2021, has a "real or substantial relation" to the COVID-19 pandemic and is not 'beyond all question, a plain, palpable invasion" of fundamental rights. To the contrary,

12

the Academy and DOD Mandates are a rational policy decision made to safeguard the health and safety of the United States military—a critical national interest. It simply does not shock the conscience that the Department of Defense and Academy would mandate COVID-19 vaccinations, with certain exemptions, in order to do so.

If the Court were to apply rational basis review, as the government suggests, rather than standard laid out in Jacobson, it would also find that Plaintiffs have failed to meet their burden. Under rational basis review, the Court must uphold the mandate unless Plaintiffs overcome "every conceivable basis which might support it." Windsor v. City of Syracuse, 887 F.3d 553, 560 (2d Cir. 2018). The Vaccine Mandates easily meet this standard because they are rationally related to the military and Academy's interest in maintaining "the Regiment's health and safety – and the safety of the USMMA community" and in preventing the spread of infectious disease. (Academy Mandate). See Andre-Rodney, 2021 WL 5050067, at *7 (quoting Roman Cath. Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 67 (2020)) ("'[s]temming the spread of COVID-19 is unquestionably a compelling [] interest,' and requiring those who work in healthcare settings to be vaccinated is rationally related to the furtherance of that interest.")

Therefore, because Plaintiffs have not that they are likely to succeed on the merits, their request for a preliminary injunction and TRO must be denied.

2. Public Interest

Finally, Plaintiffs' motion for a preliminary injunction and TRO fails for the additional reason that they have not shown that granting their request would be in the public interest.

The final two factors the Court considers in determining whether to grant a preliminary injunction are the balance of equities and public interest. Am. C.L. Union v. Clapper, 804 F.3d 617, 622 (2d Cir. 2015). "When the federal government is a party, the last two factors merge."

13

New York v. United States Dep't of Educ., 477 F. Supp. 3d 279, 294 (S.D.N.Y. 2020).  When "balanc[ing] the competing claims of injury," the Court must "consider the effect on each party of the granting or withholding of the requested relief."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).

Here, there is a significant public interest in safeguarding the health and safety of the Plebes and Midshipmen at the Academy.  Furthermore, "the public's interest in military readiness and efficient administration of the federal government outweighs Plaintiffs' speculative claims of job-related, pecuniary loss" and loss concerning potential tuition repayment.  See Church, 2021 WL 5179215, at *18.  Accordingly, the Court finds that the public interest weighs in favor of denying the TRO and preliminary injunction.  See Garland v. New York City Fire Department, No. 21-CV- 6586, 2021 WL 5771687, at *9 (E.D.N.Y. Dec. 6, 2021) (finding that the public interest and balance of equities disfavored request for injunctive relief where FDNY employees challenged vaccine mandate); Maniscalco, 2021 WL 4344267, at *4 (finding that the public interest and balance of equities disfavored request for injunctive relief where teachers and paraprofessionals challenged vaccine mandate).

### III.    CONCLUSION

For the reasons set forth above, Plaintiffs' request for a preliminary injunction or temporary restraining order is **DENIED**.

The parties are directed to submit a proposed briefing schedule regarding Defendants' motion to dismiss by January 4, 2022.

**SO ORDERED.**

Dated: December 20, 2021
Central Islip, New York

                                                      /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE